## WALSH *v.* BOWERY SAV. BANK.[1]

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

1. GIFTS—PLEADING AND PROOF—AMENDMENT.

Proof of a gift *causa mortis* is admissible under a complaint alleging a gift *inter vivos*, and the amendment of the complaint to conform to proof of a gift *causa mortis* does not prejudice defendant.

2. SAME—DONATIO CAUSA MORTIS—EVIDENCE.

A good gift *causa mortis* is shown where it is proved that money on deposit in bank was given to plaintiff, and that the bank-book to enable her to get the money was actually delivered to her by the donor, who at the time was in expectation of impending death, and who did die a day or two afterwards.[2]

3. SAME—RIGHT OF DONEE TO SUE.

Where there is a gift *causa mortis* of money on deposit in a bank and a delivery to the donee of the bank book, and the bank pays the money to the donor's administrator after receiving notice of the donee's claim, the donee is not compelled to look to the administrator, but may recover from the bank.

Appeal from city court, general term.

[1] Affirming ante, 97.

[2] Concerning what constitutes a valid gift *causa mortis* see Van Fleet v. McCarn, 2 N. Y. Supp. 675, and note; Fearing v. Jones, (Mass.) 20 N. E. Rep. 199; Drew v. Hagerty, (Me.) 17 Atl. Rep. 63, and note; Sanborn v. Sanborn, (N. H.) 18 Atl. Rep. 233.

Action by Mary Walsh against the Bowery Savings Bank, to recover money deposited with defendant by one Mary Duffy, (since deceased,) and given by her before her death to plaintiff. The complaint was as follows: "The plaintiff, by W. H. Regan, her attorney, complaining of the above-named defendant, alleges: (1) On information and belief, that at all times hereinafter named the defendant was and is now a corporation, duly organized and existing under and by virtue of the laws of the state of New York, and having its principal place of business in the city of New York. (2) On information and belief, that on or about the 20th day of September, 1882, at the city of New York, Mary Duffy (now deceased) deposited with defendant, in her own name and for her own account, the sum of one hundred and eleven dollars, which was of her separate estate, she being a married woman, and received from said defendant thereupon its bank or pass book numbered 546,069, said defendant agreeing thereupon to pay on demand said sum, and such interest as its profits would allow; that no part of said sum or interest has ever been paid by said defendant, except the sum of five dollars. (3) That on or about the 9th day of February, 1883, said Mary Duffy gave and transferred said sum, and the interest due thereon, and all her right and interest therein, to this plaintiff, accompanying said gift and transfer by the delivery to this plaintiff of the said pass-book. (4) That on or about the 15th day of February, 1883, the plaintiff duly demanded said sum of the defendant, but said defendant then and has ever since refused, and still refuses, to pay said sum, or any part thereof, and the whole thereof is now due, with interest from February 15, 1883. Wherefore plaintiff demands judgment against the defendant for the sum of one hundred and six dollars, and interest thereon from February 15, 1883, besides the costs and disbursements of this action." On motion of plaintiff, the complaint was amended to conform to proof of a gift *causa mortis.* There was judgment for plaintiff. Defendant appeals. For motion to amend complaint, see *ante,* 97.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Norwood & Coggeshall,* for appellant. *William H. Regan,* for respondent.

VAN HOESEN, J. Under the complaint, as it was originally drawn, it was proper to admit proof that the plaintiff acquired title by a *donatio causa mortis.* An amendment was not at all necessary, though the counsel for the defendant succeeded in frightening the plaintiff's attorney into making a motion for leave to amend. Such leave was granted, but the defendant was not thereby prejudiced.

A good *donatio causa mortis* was proved. The money on deposit was given the plaintiff, and the bank-book was actually delivered to her by the donor to enable her to get the money. The donor was in expectation of impending death, and she died in a day or two afterwards of the disease whose fatal issue she anticipated. A good *donatio causa mortis* may be made by the delivery of the donor's bank-book to the donee, where the circumstances exist that must surround a gift of that description. 8 Amer. & Eng. Cyclop. Law, 1345, 1346 *et seq.*

As to the validity of the gift in this case there cannot be a doubt; but a question is made as to the right of the plaintiff to recover the money from the bank. The money was actually drawn from the bank by the administrator of the donor, and, as the gift was valid, the plaintiff might recover judgment against the administrator in an action for money had and received to her use. Whether such a judgment would be of any value in this case, we have no means of knowing. In Massachusetts, it was decided in the case of *Pierce* v. *Bank,* 129 Mass. 425, that, even without the consent of the administrator, the donee might maintain an action for the money in the administrator's name. Such an action could not be maintained in this case, because the administrator has already collected the money from the bank. The difficulty in

which the bank now finds itself is entirely of its own creation; for, after having been notified that the plaintiff claimed the money as hers by gift, it nevertheless, either carelessly or willfully, disregarded the notice, and paid the money to the administrator. The payment to the administrator, after notice of the plaintiff's rights, leaves the bank in no position to call on the plaintiff to look to the administrator for the money. By thus paying the administrator the bank stepped into his shoes, and cannot defeat the plaintiff's claim unless the administrator could successfully resist it. The case was rightly decided, and judgment should be affirmed, with costs.