## GAMMOND v. BOWERY SAV. BANK.

*(Common Pleas of New York City and County, General Term. February 3, 1890.)*

**1. SAVINGS BANKS—GIFT OF DEPOSIT.**
Rules of a savings bank that "drafts sent by mail or otherwise will not be entitled to payment unless the deposit book is produced, and the depositor sends, by letter accompanying the draft, correct answers to the questions asked when the first deposit was made in the bank;" that "on the decease of the depositor the amount standing to the credit of the deceased shall be paid to his or her legal representatives;" and that "drafts may be made personally, or by the order in writing of the depositor, if the bank have the signature of the party on their signature book, or by letters of attorney duly authenticated,"—do not prevent the depositor, as a creditor of the bank, from passing the demand by gift *inter vivos*.

**2. SAME—RIGHTS OF DONEE.**
The donee, after the death of the donor, need not procure the appointment of an administrator to make a demand for the deposit.

Appeal from city court, general term.

An action by Sarah B. Gammond against the Bowery Savings Bank, brought in the city court of New York, to recover money deposited with defendant by Michael Galliger, who assigned it to plaintiff, together with the pass-book.

The defense was a non-compliance with certain rules contained in the pass-book. There was a judgment for plaintiff, which was affirmed at general term. Defendant appeals. For opinion of city court, see 7 N. Y. Supp. 321. For order granting leave to appeal to court of appeals, see *post,* 958.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Carlisle Norwood,* for appellant. *Cromwell G. Macy,* for respondent.

BOOKSTAVER, J. The original action was tried by Judge EHRLICH, at a trial term of the city court, with a jury; but, after the testimony was all in, the parties consented to the discharge of the jury, and the case was submitted to the judge, to be determined on both the law and the facts, and a verdict directed as if the jury were present. There was little or no contradiction in the testimony. From that it appears that on or about the 2d of September, 1875, one Michael Galliger opened an account with the defendant, and received thereof a pass-book in the usual form. Thereafter Galliger withdrew from defendant's keeping $44.53, leaving due from defendant, upon January 1, 1877, the sum of $440. Before the commencement of the action, Galliger gave, assigned, and transferred to the plaintiff all his right, title, and interest in the indebtedness of the defendant, together with the bank-book. It appeared from the testimony that this was a gift *inter vivos,* and that subsequently thereto Galliger died. Thereafter the plaintiff, through her attorney, demanded payment of the sum on deposit, explaining the circumstances under which she came in possession of the book to an officer of the bank, who thereupon refused to pay the same. On the trial the defendant relied upon the following rules of the bank as sufficient grounds for the refusal to pay: "(5) Drafts sent by mail or otherwise will not be entitled to payment unless the deposit book is produced, and the depositor sends, by letter accompanying the draft, correct answers to the questions asked when the first deposit was made in the bank. (6) On the decease of the depositor, the amount standing to the credit of the deceased shall be paid to his or her legal representatives. (7) Drafts may be made personally, or by the order, in writing, of the depositor, if the bank have the signature of the party on their signature book, or by letters of attorney, duly authenticated."

These rules clearly relate to the dealings between the bank and the original depositor, and do not contemplate a case, like the present, of an assignment or gift *inter vivos,* even if the mere acceptance of a pass-book containing the by-laws constitutes a contract between the parties. *Smith* v. *Bank,* 101 N. Y. 60, 4 N. E. Rep. 123. These rules do not prevent a creditor from passing the demand by general or specific assignment, by gift, bequest, or operation of law, appointment of a receiver, or in any other legal way that may arise. It is obvious it would be impossible, in many instances, for an assignee, or other stranger coming into the lawful possession of the pass-book, to answer the test questions contemplated by section 5, nor do any of the rules prescribed by the bank determine the nature of the evidence which shall be given it of such gift, assignment, transfer, etc. The relation between defendant and Galliger was that of debtor and creditor; and, the gift being conceded by the defendant, the plaintiff has succeeded to all the titles and rights of Galliger. Such being the case, we do not see why the judgment rendered was not entirely proper.

Upon the argument it was strongly contended that the plaintiff should have procured the appointment of the public administrator upon the estate of Galliger, and that through him the demand should have been made. But, obviously, this is unnecessary, and would have been unavailing as a protection to the bank, as is shown in the recent case of Walsh against the present appellant, (7 N. Y. Supp. 669;) for in that case the payment was made to the administrator of the depositor, and yet the defendant was compelled to pay the claim to the owner of the bank-book, who received it as a gift. Besides, the gift from Galliger to the plaintiff having been made before the death of

the latter, the title was in her from that time on, and there would have been no title in the public administrator to the funds in the hands of the bank after his death. The judgment should therefore be affirmed, with costs.